IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| EDWARD SHANE RUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 319-083 |
| ) | |
| DAMON T. HININGER; ) | |
| GREGORY C. DOZIER; ) | |
| WARDEN VANCE LAUGHLIN; ) | |
| JOHN DOE QUINN; and ) | |
| DR. YVONNE NEAU, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). On November 12, 2019, the Clerk of Court filed a complaint submitted by Plaintiff, an inmate at Dooly State Prison, concerning events alleged to have occurred at Wheeler Correctional Facility in Alamo, Georgia. (Doc. no. 1.) Although Plaintiff also submitted an IFP motion, it was not signed, in violation of Local Rule 11.1 and Federal Rule of Civil Procedure 11. (Doc. no. 2.) Local Rule 11.1 and Federal Rule of Civil Procedure 11 require every pleading, motion, or other paper presented for filing be signed an attorney of record, or by a party personally if the party is proceeding *pro se*. Upon opening the case, the Clerk sent a deficiency notice concerning the need for Plaintiff's signature on the IFP motion, and the notice explained failure to correct the deficiency could result in dismissal. (See id.) Plaintiff failed to respond to the Clerk's deficiency notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); <u>see also</u> <u>Eades v. Ala. Dep't of Human Res.</u>, 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff failed to comply with the requirements of the Local Rules and the Federal Rules of Civil Procedure by submitting an unsigned motion to proceed IFP with his complaint, and when given the opportunity to submit the appropriate paperwork, he failed to respond to the Clerk's deficiency notice. Plaintiff's failure to comply with the requirements of the Local Rules, as well as the Federal Rules of Civil Procedure, and his failure to respond to the Clerk's deficiency notice amounts not only to a failure to prosecute, but also an abandonment of his case. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of December, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA